BERNARD SHERIDAN, Appellant, *v.* BENJAMIN ANDREWS et al., Respondents.

The docketing of a judgment in the office of the county clerk, under the provisions of the act of 1840 (chap. 386, Laws of 1840), is not essential to the conclusiveness of a judgment in an action to recover possession of real property. If such judgment is docketed by the clerk of the court where rendered, as judgments in courts of record are required to be docketed (2 R. S., 360, § 13), it is sufficient. If the judgment was obtained by default, after three years from such docketing, it is conclusive upon the defendant, and upon all persons claiming from or through him by title accruing after the commencement of the action. (2 R. S., 309, § 38.)

Where, however, one has entered into possession of premises, the subject of such an action, claiming under title not derived from defendant, and accruing before a recovery therein, the subsequent acquisition by him of a title from defendant does not deprive him of the right of claiming possession under the prior title, and the judgment is neither conclusive nor any evidence against him, but in order to dispossess him plaintiff must prove his title.

The only office of a notice of *lis pendens* is to give constructive notice to, and to bind by the subsequent proceedings, those who may deal with defendant in respect to the property involved in the action during its pendency and before final judgment. No notice is necessary to make the judgment effectual as against parties claiming under defendant by transfer subsequent to the judgment. The judgment disposes of the rights of the parties, is a matter of public record, and is conclusive both upon defendant and any subsequent grantee.

A notice of *lis pendens* is unnecessary in an action to recover possession of real property, even as against a purchaser *pendente lite*. The plaintiff in such an action can only recover upon a legal title; it is only against mere equities that a purchaser without notice is protected.

(Argued February, 14, 1872; decided May 28, 1872.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, affirming a judgment in favor of defendants rendered by the city court of Brooklyn.

The action was brought to recover possession of certain premises in the county of Kings. The facts are set forth in the opinion.

*Amasa J. Parker* for the appellant.   Parties are bound to notice of judgments of courts of record.   (Willard's Eq. Jur., 251; 1 J. Ch., 577.)   Recitals in a deed estop parties and privies.   (*Carver* v. *Jackson*, 4 Pet. [U. S.], 83; *Jackson* v. *Parkhurst*, 9 Wend., 209.)   Defendants, in order to claim under tax sale and city lease, must show valid and regular proceedings.   (Black. on Tax Titles, 532; *Waldron* v. *Tuttle*, 3 N. H., 340.)   Defendants came into possession under Jackson's title, and, until they establish a title from other source, the judgment against him is conclusive.   (*Dunckle* v. *Wiles*, 6 Barb., 515, 529; 1 Phil. Ev., 325, 333, 335; *Outman* v. *Morewood*, 3 East., 346; *Dann* v. *Wingate*, 12 N. H., 291; *Young* v. *Rummel*, 2 Hill., 480.)

*John Andrews* for the respondents.   The judgment against Jackson was not conclusive, and plaintiff was bound to prove title.   (Code, § 78; 4 J. R., 390; chap. 386 Laws of 1840; 3 R. S., 45, 56.)

RAPALLO, J.   In November, 1856, the plaintiff recovered a judgment in the City Court of Brooklyn against Stephen C. Jackson, for the possession of the premises in controversy in this action, for the term of five hundred years, from the second of February, 1850.

The judgment was recovered by default, on proof of personal service of the summons upon the defendants.

The present action is brought by the same plaintiff for the recovery of possession of the same premises which are described in the judgment against Jackson.

The plaintiff, to establish his title, relies wholly upon that judgment, and upon the allegation that the defendants in possession of the premises entered and claim title through and under Jackson, the defendant against whom his judgment was recovered.   He claims that as against such parties the judgment is conclusive evidence that at the time of the recovery of the judgment he was lawfully possessed of the estate for years thereby recovered.

By 2 R. S., 309, § 36, every judgment in the action of ejectment, rendered upon a verdict, is made conclusive as to the title established in such action, upon the party against whom the same was rendered, and against all persons claiming from, through, or under such party by title accruing after the commencement of the action, subject to certain exeptions.

This section was amended in 1862, so as to include judgments rendered upon the report of a referee or the decision of a single judge upon the facts. But it is inapplicable to the present case, the judgment not having been rendered upon a trial, but by default.

By 2 R. S., 309, sec. 38, every judgment in ejectment rendered by default is, from and after three years "*from the time of docketing the same*," made conclusive upon the defendant and upon all persons claiming from or through him by title accruing after the commencement of the action.

It was objected upon the trial, and the court finds as a fact, that the judgment in question had not been docketed pursuant to the act of 1840, in the office of the clerk of the county of Kings, but the objection was not taken that it had not been docketed in the City Court. By 2 R. S., 360, § 13, the clerk of every court of record is required, in addition to filing the judgment record, to enter a statement of the judgment in an alphabetical docket in books to be kept by him, and the making of such docket would seem to be essential to the conclusiveness of a judgment in ejectment entered by default, as three years must elapse from the time of such docketing before the judgment becomes conclusive. The judgment not being conclusive at common law, as to the title, it can only be made so by complying with this statute. It was not proved or found that this docket had been made in the City Court; the judgment roll alone was produced. But as that objection was not taken at the trial, and if taken might have been obviated by proof, the court below would not have been justified in dismissing the complaint on that ground. Its judgment was placed on other grounds, and if those are erro-

neous, this technical defect of proof cannot now be resorted to for the purpose of sustaining it.

The docketing under the act of 1840 in the county clerk's office was not essential to the conclusiveness of the judgment. Such docketing is only required for the purpose of making a money judgment a lien on the real estate of the debtor, and as a preliminary to the issuing of an execution. This judgment is not sought to be enforced as a lien, but is set up as an estoppel.

The material point of inquiry is whether the defendants are persons claiming from or through Jackson, by title accruing after the commencement of the action against him. If they are, the judgment is conclusive upon them as to the plaintiff's title.

The point, that the absence of a notice of *lis pendens* deprives the judgment of its effect as against persons claiming from or through the defendants, cannot be sustained. The only office of a notice of *lis pendens* is to give notice of the *pendency* of the action so as to affect persons who may deal with the defendants in respect to the property involved, before final judgment, and thus bind them by the judgment in the same manner as if they had been made parties to the action. Formerly the commencement of a suit in equity was of itself constructive notice to subsequent purchasers, and they were bound by the decree. This rule was adopted in analogy to the rule in real actions at common law, that if the defendant aliened, pending the writ, the judgment would overreach such alienation. (*Murray* v. *Ballou*, 1 J. Ch., 577.)

No other notice was required for the purpose of binding purchasers *pendente lite*, until the year 1823, when it was provided, in the act vesting equity powers in circuit judges (Laws of 1823, p. 213, § 11), that when any bill was filed before them or in the Court of Chancery, which would according to law amount to constructive notice to purchasers of real estate, it should not be so deemed unless a notice should be filed in the office of the clerk of the county where the land was situated. The substance of this provision was re-enacted

in the Revised Statutes (2 R. S., 174, § 43), and in § 132 of the Code it is applied to actions affecting the title to real property. This section does not, nor do any of the previous statutes, relate to the effect of a judgment or to the rights of parties claiming under a title acquired after judgment, but only to those who take during the pendency of the action.

Section 132 of the Code provides that *the pendency of the action* shall be constructive notice to purchasers from the time of the filing of the notice only, and that such purchasers shall be bound by all proceedings taken after the filing of such notice to the same extent as if they were made parties to the action. This is the whole scope and object of the notice. It has no relation to titles acquired after judgment. It never was pretended that any notice was necessary to render the judgment effectual as against parties claiming under the defendant by transfer subsequent to the judgment. (*Campbell* v. *Hall*, 16 N. Y., 579, 580.) The judgment disposes of the rights of the parties and is a matter of public record. Its effect cannot be impaired by any subsequent transfer by the defendant. He is concluded by it, and his grantee cannot be in any better situation than the party from whom he obtained his right. (Bacon's Ab., Evidence, *f.*) The recording acts have no relation to the subject.

It is difficult to see how in an action of ejectment a notice of *lis pendens* can be necessary to bind even purchasers *pendente lite* by the judgment. The statute is explicit that the judgment shall bind all persons claiming under the defendant by title acquired after the commencement of the action; and this provision is by the Code itself applied to actions for the recovery of real property. (Code, § 455.) Inasmuch as a recovery in ejectment can only be had upon a legal title, it would seem unnecessary to show notice actual or constructive to bind a purchaser. It is only against mere equities that purchasers without notice are protected.

It was unnecessary, therefore, to prove the filing of a notice of *lis pendens* to give to the judgment the effect prescribed

by the statute, especially as against persons claiming through Jackson, by title accruing subsequent to the judgment.

The defendant, Benjamin Andrews, appears by the findings to have acquired title as administrator of T. D. Andrews, in 1868, under a mortgage made by John Andrews, trustee, to whom the premises were conveyed by Stephen C. Jackson, by deed dated in April, 1864. In respect to the title thus acquired, the judgment recovered by the plaintiff in November, 1856, against Stephen C. Jackson, is conclusive against Benjamin Andrews, as administrator. But the court also finds that before acquiring this title, viz., in May, 1866, Benjamin Andrews entered into possession individually, under a lease executed to him by the city of Brooklyn, bearing date July 6, 1856, and that as such lessee he leased to his co-defendant, Mary Linden.

If this finding is sustained, it establishes that the defendants claim under a title accruing before the recovery in ejectment against Jackson, and not derived from him, and as to that claim of title the judgment is not conclusive, nor is it even evidence against them. If Andrews entered under that claim of title, he is not required to prove the validity of his lease from the city of Brooklyn; the plaintiff must recover on the strength of his own title, and not on the weakness of that of the defendant. The subsequent acquisition of title by Andrews, as administrator, does not deprive him of the right to set up his prior possession as lessee of the city of Brooklyn, and put the plaintiff to proof of his title.

This finding was excepted to by the plaintiff. The only evidence bearing upon the question is the testimony of Jackson and of the defendant Andrews. Jackson testifies that in 1864 he put the defendant Benjamin Andrews in possession to collect the rents as agent for John Andrews, to whom he had executed a deed of trust, and turned the tenants over to him. The defendant Benjamin Andrews testifies that he took possession in 1864 as agent for John Andrews, trustee, and only in that capacity, and continued in possession as such until May 1, 1866. That he then entered in his own right under

the tax lease, dated July 6, 1856, from the city of Brooklyn, for 1,000 years, and leased the premises individually to Mary Linden, as lessee under that lease.

It does not appear that Benjamin Andrews claimed any title to the premises until he entered under the tax lease. What he terms a possession prior to that time, was in fact but an agency for the collection of rents from the tenants in possession. The fact that before he entered, claiming any title in himself, he had acted as agent for parties who were bound by the judgment against Jackson, can hardly subject to the effect of that judgment his subsequent entry under an independent claim of title. But whatever may have been the effect of such prior agency, it cannot affect the judgment appealed from, as it is not found by the judge. It is well settled in this court, that we will not look into the evidence for facts to overthrow the judgment. All facts intended to be relied upon to show that the conclusions of law are erroneous, must be specified in the findings, or the court or referee must have been requested to find them, and an exception taken to his refusal. The only claim of title under which the findings show that the defendant Andrews originally entered, is that under the lease of July, 1856. The evidence sustains the finding, that he did enter under that lease, and consequently the plaintiff was bound to prove his title in order to overcome the effect of that possession and put the defendants to proof of the validity of the tax lease under which he claims to have entered. The judgment against Jackson was not evidence of title in the plaintiff for this purpose. It was no evidence against any one other than the defendant therein, or persons claiming under him. (*Ainslie* v. *The Mayor, etc.*, 1 Barb., 169; *Campbell* v. *Hall*, 16 N. Y., 579.)

On this ground, I think that the judgment should be affirmed, with costs.

All concur except PECKHAM, J., not voting.

Judgment affirmed.