ELIZABETH C. BENNETT AND OTHERS, APPELLANTS, *v.*
HIRAM LEACH AND OTHERS, RESPONDENTS.

*Judgment in ejectment against a tenant — not conclusive upon his landlord.*

A judgment in ejectment, recovered against a tenant in possession of the land in question, is not binding upon his landlord (not a party to the action), although notice of the pendency of the action was given to him by the tenant, and he refused to defend.

APPEAL by the plaintiff from a judgment dismissing the complaint as to Hiram Leach and wife, and for costs.

*Wm. & Geo. Youmans*, for the appellants.

*Arthur More*, for the respondents.

BOARDMAN, J.:

This action was brought for the partition of real estate. The defendant Leach, by his answer, claimed to hold and own the whole property in fee, and that plaintiffs had no title thereto. The appeal is from the judgment rendered in favor of the defendant Leach upon the decision of Mr. Justice FOLLETT. By that decision it appears that the plaintiffs in several actions of ejectment brought against one Mathewson, a tenant in possession under defendant, recovered judgment by default for an undivided share of the lands in question, that Mathewson gave notice of the pendency of the actions to Leach who refused to defend; that Leach was not made a party defendant in such actions, and did not appear or defend the same; that at and prior to the time of the recovery of said judgments the defendant Leach had a perfect title and possession to the premises in question and to the whole thereof, and that such title and possession in Leach was not affected or in anywise impaired by the judgments in the actions of ejectment against Mathewson his tenant. This last conclusion is the one assailed upon this appeal, the appellants contending that such judgments are conclusive against defendant Leach. Defendant Leach could have been made a party defendant to those actions of ejectment. (Code of Pro., sec. 118; *Fosgate* v. *Herkimer Co.*, 12 N. Y., 580; *Finnegan* v. *Carraher*, 47 id., 493.) He would then have been bound by it. The action being against

Mathewson, his tenant, and Leach having refused to appear or defend, the judgments were only conclusive against Mathewson and those claiming under him subsequent to the commencement of the actions. (2 R. S., * 309, secs. 36, 38.) It was not evidence against Leach. (*Ainslie* v. *Mayor, etc.,* 1 Barb., 168; *Thompson* v. *Clark,* 4 Hun, 164; *Leland* v. *Tousey,* 6 Hill., 328; *Sheridan* v. *Andrews,* 49 N. Y., 484.) Leach was not a party to the judgment nor a privy.

The notice given by Mathewson to Leach of the pendency of the ejectment action was effectual for certain purposes after judgments recovered therein. Mathewson could have defended against an action by Leach for rent, and the judgment with the notice would have been conclusive upon Leach. So Mathewson could recover damages from Leach for any breach of covenants in the lease upon the same evidence. But that arises from the duty of Leach to defend Mathewson's possession under the lease.

Upon the facts found as contained in the decision the defendant Leach showed a perfect title, and the plaintiffs failed to show any title as against defendant Leach.

The judgment must therefore be affirmed, with costs.

LEARNED, P. J., and BOCKES, J., concurred.

Judgment affirmed, with costs.