<hr />

## SHERMAN vs. BEMIS, imp.

*September 29 — October 23, 1883.*

58 343
99 526

58 343
f 108 411
108 412

EJECTMENT: PRACTICE. *(1) Disclaimer: Judgment against grantee of defendant. (2) Notice of* lis pendens *inoperative until complaint filed.*

1. In ejectment against G., brought February 16, 1881, he denied that he was in possession, and disclaimed all title, but alleged and proved that previous to the commencement of the action he had conveyed the land to B. The deed to B. was not recorded until April 15, 1881. Notice of *lis pendens* was filed in the county where the land was situated, on February 23, 1881, but the complaint, if filed at any time in that county, was not so filed until after the service of G.'s answer. At the close of the testimony on the trial of the issue formed by G.'s answer of disclaimer, it was ordered that B. be made a defendant *for the purpose of controverting the plaintiff's claim upon the testimony already taken.* The complaint

was not amended so as to make the action against B., and he put in no answer. Without further testimony, the court found that the complaint and the answer of G. were both true, and that B. claimed to be the owner of the land by virtue of a deed from G.,. which, however, was not recorded until after the action was commenced; and held that the plaintiff was the owner of the land and entitled to judgment as demanded in the complaint, except as: against G., who was entitled to his costs against the plaintiff. *Held,* on appeal by B., that the judgment against him was error.

2. Until the filing of the complaint, a notice of *lis pendens,* though duly filed, is inoperative.

APPEAL from the Circuit Court for *Waupaca* County.

This was an action of ejectment commenced in Marathon county by personal service of the summons, on February 16, 1881. By stipulation the venue was changed, October 18, 1881, to Portage county, and on April 12, 1882, the venue was again changed to Waupaca county, where the action was tried at the May term, 1882, by the court, a jury having been waived. The action was brought by the original owner of the premises in question against one Gilmore alone. The complaint alleged that on May 17, 1880, the plaintiff was and ever since had been the owner in fee of the premises: and entitled to the possession thereof, and that since the date named the premises had been in the unlawful possession of the defendant Gilmore.

Gilmore answered, about March 12, 1881, denying that he was in possession or unlawfully withheld the same, and disclaimed all right, title, or claim to the premises; and also alleged, and proved on the trial, that he did have a tax deed issued before and recorded on May 17, 1880, but that since that date, and before the commencement of the action, he had conveyed the land by quitclaim deed to *W. S. Bemis,* and that such deed was executed and delivered July 15, 1880, and recorded April 15, 1881.

The notice of *lis pendens* was filed in the register's office of Marathon county, February 23, 1881. The attorney for

Gilmore admitted service of the complaint, February 24, 1881. The summons was filed with the clerk in Marathon county, April 8, 1881, and in Portage county, October 29, 1881, and in Waupaca county, May 20, 1882. There is nothing on the complaint indicating that it was ever filed in Marathon county at all, but it appears to have been filed with the summons in Portage and Waupaca counties.

At the close of the testimony the attorney for Gilmore moved the court that *Bemis* be made a party defendant, so that he would have a right to see whether the plaintiff was entitled to a judgment or not. The judge then stated that he would make the order that *Bemis* might appear and contest the right of judgment *on the testimony then in* as affecting the title, and the order was made accordingly. This order recited the trial upon the *issue made* by the complaint and answer of *disclaimer* of Gilmore, and that after hearing all the testimony *upon that issue*, and it appearing to the satisfaction of the court that *Bemis* claims title in fee simple to the land in question and also that he is entitled to possession thereof under the deed of the defendant Gilmore to him made before the commencement of the action but not recorded till thereafter, and upon motion of Myron Reed (the attorney of record for Gilmore), attorney for *Bemis*, made before argument and submission, it was ordered that *Bemis* be, and he was thereby, on his application, made a defendant, for the purpose of controverting the plaintiff's claim of title and right of possession to the land, *upon the testimony taken on the trial of the issue of disclaimer*, and defending his title thereto as fully as if he had been made a defendant in the first place. The court thereupon made and filed findings of fact and conclusions of law, and ordered judgment that the plaintiff was the owner of the land and entitled to judgment as demanded in the complaint, except as against Gilmore, who was entitled to his costs against the plaintiff. Judgment was thereupon entered in favor of the

plaintiff as against *Bemis*, and against the plaintiff as to Gilmore, in whose favor judgment was entered dismissing the action as to him, with costs. *Bemis* appeals from that part of the judgment against him.

For the appellant there was a brief signed by *Hastings & Greene*, of counsel, and oral argument by *Mr. Hastings*.

For the respondent there was a brief by *James & Crosby*, and oral argument by *Mr. Crosby*.

CASSODAY, J.   The practice pursued in this case was, to say the least, anomalous. The only issue ever tried in the case was that formed by the complaint and the answer of disclaimer by the defendant Gilmore. The complaint alleged the possession in Gilmore, and that he unlawfully withheld it from the plaintiff, and had, since May 17, 1880. The answer denied each of these allegations, and alleged that Gilmore had conveyed to *Bemis* by deed before the commencement of the action, and the court found that the answer and complaint were both true. After the close of the testimony from which the trial judge made these remarkable findings, he ordered *Bemis* to be made a defendant for the purpose of controverting the plaintiff's claim of title and right to possession, upon the testimony taken on the trial of the issue made by the complaint and Gilmore's answer of disclaimer. The complaint was never amended so as to make the action against *Bemis*, and he put in no answer, and it would seem that he could not under the limitation imposed. The only finding having any reference to *Bemis* is that he claimed to be the owner of the land by virtue of the quitclaim deed mentioned in Gilmore's answer, but which deed was not recorded until after the suit was commenced. Thus it appears that *Bemis* was only permitted to defend his title upon Gilmore's answer disclaiming title, and then only upon the evidence which Gilmore had adduced to establish his disclaimer.

As the action was commenced, and the notice of *lis pen-*

*dens* filed in the register's office for Marathon county, where the land was situated, before *Bemis* had recorded his deed, it is urged, in effect, that *Bemis* had no rights which the court was bound to respect, because, under sec. 3187, R. S., and sec. 3088, R. S., the plaintiff was entitled to judgment barring the title of *Bemis* without making him a party at all. Had Gilmore actually defended the title in behalf of *Bemis* as his grantee, there might have been some plausibility in the argument. But to hold that a grantee claiming title is barred by the action of his grantor in disclaiming title, is to hold that a party may be deprived of his property without process, and without any opportunity for trial or hearing. Besides, the argument proves too much. Gilmore succeeded on his disclaimer and obtained judgment against the plaintiff, and yet the plaintiff was allowed to take judgment against *Bemis*. Had the plaintiff succeeded in obtaining judgment against Gilmore, instead of being defeated, his claim to bar the title of *Bemis* would not have been any less. So, according to the argument, it became wholly immaterial, so far as *Bemis* was concerned, whether the issue between the plaintiff and Gilmore was decided in favor of the one or the other, for in either event the plaintiff would, according to his contention, be entitled to a judgment terminating the rights of *Bemis*. That is to say, the real owner or claimant of the land would have his right to it forever barred without being made a party, and without any hearing or trial of the questions involving his right to the property, and without any issue ever being formed upon which those questions could be tried.

But there are other difficulties in the way of the plaintiff's contention. Sec. 3187, R. S., referred to by counsel, authorizes the *lis pendens* to be filed at the time of filing the complaint, or any time afterwards before judgment. Until the filing of the complaint, the notice of *lis pendens*, though duly filed, is inoperative. *Olson v. Paul*, 56 Wis., 30. Here

there is nothing in the record indicating that the complaint was ever filed with the clerk of the circuit court in Marathon county. If it was not, then, manifestly, the notice of *lis pendens* never became operative at all. If it was never operative, then we apprehend counsel would not claim that *Bemis* could be bound by a judgment in an action to which he was not a party, and hence the argument for making him a defendant, and in the same order preventing him from defending, would fall to the ground. But there is a possibility that the complaint was attached to the summons which purports to have been filed with the clerk, April 8, 1881; and if it was, then the notice of *lis pendens*, under the authorities cited, only became operative from that date. But even if that were so, yet, long prior to that time, the defendant Gilmore had served his answer disclaiming all right to the land under the tax deed, and alleging, in effect, that whatever right, title, or interest he had acquired in the land by virtue of the tax deed, he had, prior to the commencement of the action, conveyed by deed to *Bemis*. Thus the plaintiff was fully informed, long prior to the time when the *lis pendens* became operative (assuming that the complaint was, in fact, filed with the summons), that Gilmore was not in possession, and did not withhold the same at the time of the commencement of the action, but that prior to that time he had conveyed by deed to *Bemis* whatever right, title, or interest he had acquired by virtue of the tax deed. Gilmore, having thus disclaimed, was forever bound by such disclaimer. Manifestly it became the duty of the plaintiff upon receiving such disclaimer and information, and especially as his *lis pendens* was at that time wholly inoperative, to proceed against *Bemis*, if he desired to contest any right, title, or claim which *Bemis* might have or make under the tax deed, and the deed from Gilmore. Having at his peril chosen not to do so, he elected to stand or fall upon the issue formed, and upon that issue he could only succeed by proving Gil-

more's answer to be false. But the court found it was true.

The statute expressly provides that where the premises are actually occupied, the action must be against the occupant. R. S., sec. 3075. If they are not so occupied, then the action must be against the person exercising acts of ownership on the premises, or claiming title thereto, or some interest therein, at the time of the commencement of the action. Ibid. The court having found Gilmore's answer to be true, in effect found that he was doing none of the acts mentioned in that section at the time of the commencement of the action, and hence that the plaintiff had no right to commence the action against him at the time he did; and it was upon this ground that judgment was ordered and rendered in favor of Gilmore and against the plaintiff. The plaintiff simply misconceived the person against whom to bring the action. The statute only made the *lis pendens* constructive notice to such purchaser or incumbrancer as obtained his conveyance or incumbrance after both the complaint and notice had been filed. Sec. 3187. Nor does sec. 3088, R. S., cited by counsel, aid his client in this respect. That simply provided that the judgment rendered in such action of ejectment shall be conclusive, as to the title established therein, *upon the party against* whom it is rendered, and upon all persons claiming from, through, or under *him*, by title accruing *after* the filing of a notice of the pendency of the action in the office of the register of deeds. Had *Bemis* not been made a party he would not have been bound under that section, for that only made the judgment conclusive upon the plaintiff against whom it was rendered, and those claiming from, through, or under him. *Bemis* did not claim from, through, or under the plaintiff, but under Gilmore, in whose favor the judgment was rendered. Besides, the title or claim of *Bemis* did not accrue "after" the filing of the *lis pendens*, but before the commencement of the action;—

much less after the filing of the complaint in Marathon county, assuming that it was so filed. It is unnecessary to consider the exceptions to the numerous findings of fact entirely outside of the only issue tried. They are simply so many more additional facts indicating that the case went off upon a mistrial.

For the reasons given, that portion of the judgment appealed from must be reversed, and the cause remanded for further proceedings according to law.

*By the Court.*— It is so ordered.