WEBSTER, Respondent, vs. KILLEN and another, Appellants.

*April 18 — May 3, 1898.*

| 99 | 525 |
| f108 | 411 |
| 108 | 412 |

*Ejectment for unoccupied land, against whom maintainable.*

The original owner of land which is wild or unoccupied cannot, under sec. 3075, R. S. 1878, maintain an action of ejectment for such land against one who disclaims title, and who had, before the commencement of the action, conveyed a title held by him under a tax deed to a third party, by a deed which was not recorded until after the filing of the notice of *lis pendens* in the action.

APPEAL from a judgment of the circuit court for Langlade county: JOHN GOODLAND, Circuit Judge. *Reversed.*

This is an action of ejectment to recover possession of 680 acres of land, which were and are wild and unoccupied. The defendants, by answer, denied withholding possession of the lands, and disclaimed all title thereto, and alleged that, prior to the commencement of the action, they had sold and conveyed all their right and title to said premises to one R. H. Markham.

The facts were stipulated, and were in substance as follows: (1) That the plaintiff was the original owner in fee of said lands; (2) that on the 19th of May, 1890, the defendants recorded tax deeds covering all of said lands in the office of the register of deeds for the proper county; (3) that subsequently, on the 3d of April, 1893, the defendants conveyed their title to one R. H. Markham, which deed was not recorded at the time of the commencement of this action; (4) that the summons and complaint in this action was served on the defendants, respectively on the 14th and 27th days of April, 1893, and that the complaint was filed in the office of the clerk of the circuit court of the proper county, April 13, 1893, and the *lis pendens* filed in the office of the register of deeds on the same day; (5) that the deed from the defendants to Markham was not recorded until the 5th of

June, 1895; (6) that, at the time of the commencement of the action, plaintiff had no knowledge of the conveyance to Markham; (7) that the defendants' answer was served on the 12th of June, 1893.

Upon these facts, the court found that the defendants unlawfully withheld the possession of said lands from the plaintiff, and that the plaintiff was entitled to judgment for the recovery of said premises, with nominal damages and costs. From a judgment in accordance with these findings, the defendants appeal.

The cause was submitted for the appellants on the brief of *Geo. W. Latta*, and for the respondent on the brief of *W. H. Webster*.

To the point that the recording of a tax deed was an assertion of title, and that the action was properly brought against the person holding such title of record, counsel for the respondent cited *Burchard v. Roberts*, 70 Wis. 111; *Lombard v. Culbertson*, 59 id. 433; *Hill v. Kricke*, 11 id. 442.

WINSLOW, J. The question is whether the original owner of wild and unoccupied lands can maintain ejectment against one who disclaims title, but who at one time held a recorded tax-title deed of the lands, and, before the commencement of the action, had conveyed his title to another; such last-named conveyance not being recorded until after the filing of the *lis pendens*. Upon both principle and authority, this question must be answered in the negative. The case of *Sherman v. Bemis*, 58 Wis. 343, seems to be conclusive upon the point. Ejectment may be brought against the actual occupant, or, if there be no occupant, against the person exercising acts of ownership or claiming title thereto or some interest therein at the time of the commencement of the action. R. S. 1878, sec. 3075. The defendants here neither occupied the property nor claimed any interest therein nor ownership thereof at the time of the commencement of the

action. When they conveyed their interest to another, their recorded tax deed ceased to be an assertion of title in themselves. They had no power to compel the grantee to put his deed on record.

*By the Court.*— Judgment reversed, and action remanded with directions to render judgment for the defendants in accordance with this opinion.