# CASES DETERMINED

# January Term, 1901.

---

WEBSTER, Respondent, vs. PIERCE and others, Appellants.

*September 26, 1900 — January 8, 1901.*

108 407
f108 420

108    407
112    ¹26.3

*Ejectment: Disclaimer: Judgment, upon whom binding:* Lis pendens:
*Unrecorded conveyance: Tax titles: Limitations: Commencement
of action.*

Pierce and Killen obtained and recorded tax deeds of wild and un-
occupied lands which so remained for more than three years there-
after. Pierce conveyed to Killen and Killen to Markham, neither
deed being recorded till after the statute of limitations ran in favor
of the tax deeds. Webster, the former owner, seasonably com-
menced an action of ejectment against the original tax-title claim-
ants, relying upon the record title. They answered by a full
disclaimer and informed plaintiff where the tax title lay. After
the expiration of the period limited by law for the commencement
of an action to avoid the tax deeds, the complaint was amended
by making Markham and his vendee, the Northern Wisconsin Land
Company, parties defendant. Markham answered by a full dis-
claimer and the land company by setting up the statute of limita-
tions. A notice of the pendency of the action was filed at first. It
was admitted that the tax titles were void unless made good by
the running of the statute of limitations. The disclaimers were
not falsified. Judgment was rendered against all of the defend-
ants in favor of plaintiff. *Held:*

1. If a defendant in ejectment answer by a full disclaimer and
the answer be not falsified, he is entitled to a judgment dismissing
the action with costs; though the judgment is nevertheless con-
clusive of plaintiff's title against the defendant and all persons
claiming under him by title acquired subsequent to the filing of

the notice of the pendency of the action in the office of the register of deeds of the proper county.

2. The status of the owner of a tax title to unoccupied land, created by the tax deed and record thereof, as regards being liable to an action of ejectment by the former owner if the tax deed be void, is destroyed as to him by the conveyance of the tax title to another, though such other do not place his deed upon record.

3. The general statute, sec. 3187, Stats. 1898, regarding the filing of notices of *lis pendens* in actions affecting title to real property, does not apply to actions of ejectment, such actions being governed by sec. 3088.

4. The owner of land by title acquired of the defendant in an action of ejectment prior to the commencement of such action and held under an unrecorded deed is not bound by the judgment therein against such defendant, though a notice of the pendency of the ejectment action be filed under sec. 3187, Stats. 1898. Such judgment only binds the defendant and all interested in the subject of the action by title acquired from the defendant subsequent to the filing of the notice of the pendency thereof, as provided in sec. 3088.

5. Under secs. 4239, 4240, Stats. 1898, a person not a party to an action as originally brought, but then possessed of an independent right in the subject thereof, cannot be bound by the filing of a notice of the pendency of such action under sec. 3187, as regards the right to the benefit of the statute of limitations, it being provided in the section first mentioned that an action shall be deemed commenced as against a defendant, as regards any statute of limitations, when the summons shall have been served upon him or a defendant united with him in interest or there has been a *bona fide* attempt to make such service by delivery of the summons to the proper officer for service with the intention that it shall be served.

[Syllabus by MARSHALL, J.]

APPEAL from a judgment of the circuit court for Langlade county: JOHN GOODLAND, Circuit Judge. *Reversed.*

Action of ejectment. The complaint is in the usual form. The action was originally commenced against defendants *C. S. Pierce* and *William H. Killen.* The complaint was duly filed April 13, 1893, and on the same day a *lis pendens* was filed in due form. The summons was served on said

defendants April 14, 1893. They appeared by attorney May 3, 1893, and answered July 12, 1893, disclaiming any interest in the land and denying that at the time of the commencement of the action, or for a long time prior thereto, they were in possession of or claimed any interest in the subject of the action, and alleging that *Robert H. Markham,* before the action was commenced, by a quitclaim deed from them, became the owner of all the interest they ever had in the property, and that he or his grantee was the owner thereof. October 15, 1898, an amended summons and complaint, which included said *Markham* and the *Northern Wisconsin Land Company* as defendants, were served on them. December 21, 1898, such new defendants served separate answers, that of the land company putting in issue all the allegations of the complaint, pleading title in defendants under three tax deeds and the three-years statute of limitations (sec. 1188, Stats. 1898) as to said deeds. The answer of defendant *Markham* put in issue the allegations of the complaint, disclaimed any title in himself, and alleged that whatever title he ever had to the property was conveyed to the land company September 24, 1898, and prior to the time he was served with the summons in the action.

The cause was tried by the court and resulted in findings of fact by agreement of the parties as to their relations to the action and the serving and filing of papers therein, in accordance with the foregoing, and further findings by agreement as follows:

An amended *lis pendens,* corresponding to the amended summons and complaint, was duly filed October 14, 1898. Plaintiff is the owner and entitled to possession of the land in question, unless the fact is otherwise by reason of three tax deeds covering the lands, which, on May 19, 1890, were in due form of law made to the defendants *Pierce* and *Killen* and on the same day duly recorded in the office of the register of deeds of Langlade county, the county where the

lands lay, said tax deeds being based on the tax sale made by the treasurer of said county May 18, 1887. All the lands are, and always have been, wild and unoccupied. April 1, 1891, defendant *Pierce*, by quitclaim deed, which was duly recorded May 26, 1893, conveyed his interest in the lands to defendant *Killen*. April 3, 1893, *Killen*, by quitclaim deed, duly recorded June 5, 1893, conveyed his interest in the land to defendant *Markham*, who, on September 24, 1898, conveyed such interest to the defendant land company. Defendant *Killen*, May 15, 1898, paid Langlade county $65.71 for the certificates on which the tax deeds were based, and May 15, 1898, he paid the costs of obtaining and recording the deeds, $11.94. Until the recording of the quitclaim deeds mentioned, plaintiff was ignorant of any change in the tax-deed title from the grantees mentioned in such deeds, and relied entirely upon the record title, which did not disclose any such change. The tax deeds, unless cured by the statute of limitations pleaded, are void for irregularities not affecting the assessment or groundwork of the tax upon which the deeds are based. The amount for which the lands were sold at the tax sale, together with the costs of obtaining and recording the tax deeds and interest thereon at fifteen per cent. per annum from the time of the payment thereof by the original tax-deed claimants, down to October 7, 1899, is $209.47.

Upon such facts the court decided that plaintiff was the owner and entitled to possession of the lands described in the complaint; that defendants *Pierce* and *Killen* asserted title thereto when the tax deeds were recorded, and that their situation in that regard was not changed until after the commencement of the action; that the action was properly commenced against *Pierce* and *Killen* because a claim of title under the tax deeds was asserted by them so far as disclosed by the record at the time of such commencement; that the conveyances whereby the tax-title claim to the land

was finally vested in the land company not having been recorded till after the *lis pendens* was filed in the action, all parties in the chain of title reaching to the land company, and said land company, are purchasers subsequent to the filing of the *lis pendens*, and bound by the result of the action accordingly; that plaintiff is entitled to judgment upon condition of his paying to the land company the sum of $209.47, less the six cents damages allowed him, and interest thereon at the rate of six per cent. per annum from the date of the findings, within ninety days from such date, and that if such condition be not complied with defendants should have judgment. A conditional order for judgment was entered in accordance with such decision. Plaintiff complied with the condition, and thereupon judgment was entered in his favor against all the defendants, from which this appeal is taken.

*Geo. W. Latta*, for the appellants.

For the respondent there was a brief by *Geo. G. Greene*, counsel, and oral argument by *Mr. Greene* and *Mr. W. H. Webster*.

The following opinion was filed October 12, 1900:

MARSHALL, J. This appeal, as to appellants *Pierce* and *Killen*, is ruled by *Sherman v. Bemis*, 58 Wis. 343, and *Webster v. Killen*, 99 Wis. 525. It was decided in the first of such cases, and affirmed in the second, that if a defendant in ejectment neither has nor claims to have any interest in the subject of the action or any possession thereof actually or constructively at the time of the commencement of the action, he is entitled to a dismissal thereof with costs. In the *Webster Case* it was held, as to unoccupied lands, that the situation of the grantee in a recorded tax deed, as regards being in the constructive possession of the property covered by it, claiming title thereto, and in such circumstances liable to an action of ejectment if the tax deed be void, is destroyed

by such grantee conveying his tax-title interest to another before suit brought, regardless of whether such other places his deed on record or not. Both cases hold that, if a defendant in ejectment answer that he parted with all right, title, and interest in the subject of the action prior to the commencement thereof and is neither possessed of nor claims any interest in the property, the only issues to be litigated are whether the allegations of the answer are true. The cases follow the law as long settled and as laid down in the books as elementary. "A disclaimer is a renunciation of the title and right of possession. If not falsified it defeats the action. But the demandant is thereupon entitled to the possession of the land, and the party pleading the disclaimer is forever estopped by the judgment from denying his right of possession. If, however, the plea is falsified, the tenant is bound nevertheless, and the demandant may have judgment against him. The judgment upon a disclaimer, whether for or against the demandant, is conclusive in his favor upon title, as between the parties." Newell, Ejectment, 812, § 4.

From the foregoing it must be seen that the judgment against *Pierce* and *Killen* is erroneous. Both disclaimed having any title or claim of title or possession of the property in dispute, and their answer, upon such points, was not falsified.

It is claimed that, under the *lis pendens* statute (sec. 3187, Stats. 1898), hereafter to be considered, and the rule as to the status of the grantee in tax deeds as regards the former owner of the property, the elementary principle referred to does not apply. It is not deemed necessary, however, at this time, to rediscuss the whole question. It seems to be fully covered by *Webster v. Killen, supra*, and the principle of the *Sherman Case*. The law for this state has been settled for too long a time to be now changed in a matter so involving property rights, without more weighty reasons for it than have been presented by counsel or discovered by our own inves-

tigations, even if doubts were to exist whether the same result would be reached if we were so circumstanced as to be able to view the subject unhampered by previous adjudications. The judgment against *Pierce* and *Killen* was based on the conclusion of law made by the trial court that their status, as regards the subject of the action, created by the taking and recording of the tax deed, was not changed prior to the commencement of the action, because the record title to the property was not changed. We must hold that such conclusion, and the judgment to which it led, are erroneous.

What has been said necessarily requires a reversal of the judgment as to appellant *Markham*, as the findings of fact show that he parted with all claim to the property before he was called upon to defend in the action.

The question left for consideration is, Is the defendant *Northern Wisconsin Land Company*, *Markham's* grantee, bound by the judgment from the time of the commencement of the action, because *Markham's* deed was not placed upon record, by force of the *lis pendens* statute (sec. 3187, Stats. 1898)? Counsel for respondent claim that for all the purposes of the action the holders of the record title, *Pierce* and *Killen*, represented the title in fact, because of the *lis pendens* statute, which provides that, "In an action affecting the title to real property, . . . from the time of the filing of the *lis pendens*, the pendency of such action shall be constructive notice thereof to a purchaser or incumbrancer of the property affected thereby; and every purchaser or incumbrancer whose conveyance or incumbrance is not recorded or filed shall be deemed a subsequent purchaser or incumbrancer and shall be bound by the proceedings in the action to the same extent and in the same manner as if he were a party thereto." It cannot be doubted but that such language, in its literal reading, includes actions in ejectment. Our attention is called to the fact that it was borrowed from New York in 1867 and that, though it was not construed

there as applying to actions of this kind, before such adoption nor thereafter, it was, as early at least as 1866, referred to in some cases in such a way as to indicate that its application was intended to be as broad as the literal sense of the words indicates. *Stern v. O'Connell*, 35 N. Y. 104; *Ayrault v. Murphy*, 54 N. Y. 203; *Lamont v. Cheshire*, 65 N. Y. 30; *Kursheedt v. Union D. S. Inst.* 118 N. Y. 358. It is significant, however, that no New York adjudication has been called to our attention by counsel, or discovered otherwise, where it has been held that the actual owner of property under an unrecorded deed can be bound by a judgment in ejectment against his grantor merely from the fact that the record title was in such grantor at the time of the commencement of the action and a *lis pendens* was placed on file before the deed of the secret owner was placed on record. While *Lamont v. Cheshire, supra*, was an action in ejectment, it did not involve the effect of the filing of a notice of *lis pendens* in such an action. The *lis pendens* there considered was filed in an ordinary action to recover a debt where real estate is attached under the New York Code.

It would seem, independent of authority, that the effect of a judgment of ejectment in New York, notwithstanding the general provision regarding the filing of a notice of *lis pendens* in an action affecting real estate (sec. 132, p. 486, 3 Banks & Bros.' R. S., 6th ed.), which provision is substantially the same as ours, is governed by the special provision on the subject (sec. 32, p. 576), which reads as follows: "Every judgment in an action of ejectment rendered upon a verdict of a jury, or a report of a referee upon the facts, or upon the decision of a single judge upon the facts, shall be conclusive as to the title established in such action, upon the party against whom the same is rendered, and against all persons claiming from, through, or under such party, by title accruing after the commencement of such action." It will be seen that the special and general provisions are di-

rectly in conflict if each can be said to apply to the same thing, hence, by a very familiar rule of statutory construction, the special governs the general provision, the presumption of law being that it was the legislative purpose to make an exception to that effect.    But the New York court seems to have passed upon the question in *Sheridan v. Andrews*, 49 N. Y. 478, which we apprehend was not discovered by counsel either for appellants or respondent in their study of this case and the preparation of it for presentation to this court, else some attention would have been paid to it by them. That was an action of ejectment, and the question was raised of whether a purchaser of the subject of the action *pendente lite*, there being no notice of *lis pendens* on file pursuant to the general *lis pendens* statute relating to actions affecting the title to real estate, was bound by the judgment. The court decided in the affirmative on the ground that the effect of the judgment was governed wholly by the special statute regarding the effect of judgments in ejectment; that by such statute such a judgment reaches all titles acquired from, through, or under the defendant subsequent to the commencement of the action; that compliance with the provisions of the *lis pendens* statute, in order to protect the plaintiff against the conduct of the defendant pending the action, was unnecessary.    The court used the following decisive language: " It is difficult to see how, in an action of ejectment, a notice of *lis pendens* can be necessary to bind even purchasers *pendente lite* by the judgment.    The statute is explicit that the judgment shall bind all persons claiming under the defendant by title acquired after the commencement of the action."    True, the precise point to which the quoted language refers was not necessarily involved in the case; but the general question of the effect of a judgment in ejectment was under consideration, and it is fair to conclude that the quoted language shows clearly the views of the New York court upon such point.    It should be noted

that the *lis pendens* feature of our sec. 3088 is not found in the New York statutes.

There are found in the decisions of this court, as in those of New York, expressions regarding the general *lis pendens* statute that would indicate, if sec. 3088, Stats. 1898, were left out of view, that such statute is considered to have general application according to the literal sense of the words. Counsel for appellants called our attention to instances of that kind — *Coe v. Manseau*, 62 Wis. 81, and *Cutler v. James*, 64 Wis. 173,— but it will be noted that the question now under consideration was not raised in either of those cases. The *lis pendens* to which the remarks of the court were directed in one case was in an action to foreclose a mortgage, and in the other an action to remove a cloud on the title to real property.

So the question for consideration comes down to this: Are actions in ejectment excepted from the general language of sec. 3187, Stats. 1898, by sec. 3088? The one says that in an action affecting the title to real property, from the time of the filing of the *lis pendens* "the pendency of such action shall be constructive notice thereof to a purchaser or incumbrancer of the property affected thereby; and every purchaser or incumbrancer whose conveyance or incumbrance is not recorded or filed shall be deemed a subsequent purchaser or incumbrancer and shall be bound by the proceedings in the action to the same extent and in the same manner as if he were a party thereto;" the other, that "every judgment rendered in any such action [an action of ejectment] shall be conclusive as to the title established therein upon the party against whom it is rendered and upon all persons claiming from, through or under him by title accruing after the filing of a notice of the pendency of the action in the office of the proper register of deeds," etc. Up to 1878 the latter section was similar to the law of New York, referred to in *Sheridan v. Andrews*, 49 N. Y. 478. In

the revision of that year the *lis pendens* feature was added, not, as it appears by the revisers' notes, for the purpose of extending, but of limiting, the scope of the section. They remarked, in substance, that the old statute was good enough when first enacted, because then actions of ejectment were commenced by declaration, the filing of which furnished some means of acquainting a subsequent purchaser with the pendency of the action; but that under the Code the action is commenced by summons, without anything necessarily appearing of record to show that an action has been commenced; that in view of the changed method of procedure, the effect of a judgment in ejectment should date only from the time some public notice, accessible to purchasers, is given. That, so far as it is entitled to weight, indicates that the purpose of the amendment was to regulate actions of ejectment, as regards persons not named as defendants, wholly by sec. 3088. The *lis pendens* feature was added eleven years after the change was made in sec. 3187 extending the effect of the filing of a notice of *lis pendens* to persons claiming title to the subject of the action under unrecorded deeds.

Now, if we look at the situation as it existed before the change in sec. 3088, we must say, as indicated by the New York court, that actions of ejectment, by such section, were excepted out of the general *lis pendens* provision, under the familiar rule of statutory construction, that where there is a general statute covering a class, and a particular statute covering a particular member of such class, the latter will prevail, upon the legal presumption, that obtains in the absence of a clear indication to the contrary, that it was the legislative purpose to except the particular matter from the general class. *Mason v. Ashland*, 98 Wis. 540; Maxwell, Interpretation of Statutes, 232. If we could say, but we cannot, that the general language of sec. 3187 was originally intended to cover sec. 3088, then, as the amendment to

.the latter is clearly repugnant to the former as regards the owners of land under unrecorded deeds, the conclusion must be that the law of 1878 amends, by implication, sec. 3187. In any event it seems that the effect of a judgment in ejectment is governed wholly by sec. 3088. If that was not the situation prior to the amendment of the section in 1878, such amendment certainly had that effect. So, a judgment in ejectment, by the plain letter of the statute, does not reach further than the defendant and "persons claiming from, through or under him by title accruing after the filing of the notice of the pendency of the action in the office of the proper register of deeds."

There is a further limitation upon the effect of sec. 3187. While that provides generally who shall be deemed purchasers from the defendant subsequent to the commencement of the action for all general purposes, secs. 4239, 4240, Stats. 1898, provide specially for the circumstances under which a person shall be affected by limitation statutes, to the effect that an action shall not be deemed commenced as to any defendant for the purposes of such statutes, till the summons has been served on him or there has been an attempt to make such service in the manner there pointed out. It was held in *Levy v. Wilcox*, 96 Wis. 127, that a person so circumstanced that his right, at the time of the commencement of the action, is not dependent upon that of the defendant, is not bound by such action, as regards any statute of limitations, till he is brought into the action by amendment and there has been a service or attempted service of the summons upon him. No reason is perceived for changing the rule as there laid down. When an action is commenced against a person, the limitation statute as to such action, as regards the cause of action, is thereby interrupted and such person cannot transfer to another, having actual or constructive notice of the action, a better right than he himself possesses; but the interruption of the running of the

statute as to such cause of action will not affect the rela-
tions between the plaintiff and a person not a party to the
action whose right, at the time of the commencement thereof,
is independent of that of the defendant.   Such a person can
no more be affected by the commencement of the action, as
regards the statute of limitations, than can a person joined
as a defendant with another with whom he is not united in
interest, be affected by the mere service or attempted serv-
ice of the summons upon such other.   That is the obvious
effect of secs. 4239, 4240, Stats. 1898.

In view of the fact that it was, in effect, stipulated and
found in the action that plaintiff's title was effectually di-
vested by the tax titles owned by the *Northern Wisconsin
Land Company* if the statute of limitations upon the right
to avoid such titles, as to such company, had run in favor of
such titles before the action was commenced as to such com-
pany, it follows from what has been said that the judgment
appealed from must be reversed as to all appellants and that
the cause must be remanded with directions to render judg-
ment dismissing the complaint with costs in favor of all of
the defendants.

*By the Court.*— So ordered.

CASSODAY, C. J., took no part.


The respondent moved for a rehearing.

For the appellants there was a brief by *Geo. W. Latta*, and
for the respondent a brief by *W. H. Webster, per se,* and *Geo.
G. Greene,* of counsel.

The motion was denied January 8, 1901.