STEPHENSON, Respondent, vs. DOOLITTLE and wife, Appellants.

*September 28—October 18, 1904.*

*Ejectment: Tax-title claimants: Disclaimer: Cause of action: Statutes: Construction: Pleading: Frivolous answers: Immaterial error: Evidence: Materiality: Practice: Costs.*

1. Secs. 3075, 3088, as amended by ch. 152, Laws of 1901, provide that the owner of unoccupied lands may maintain ejectment therefor against the person in whom the title appears of record in the office of the register of deeds in and for the county in which said premises are located. Every judgment rendered in any such action shall be conclusive as to the title established therein, upon the party against whom it is rendered and upon all persons claiming from, through or under him by title accruing after the filing of a notice of the pendency of the action in the office of the proper register of deeds, and every purchaser whose conveyance is not recorded or filed shall be deemed to have acquired his title after the filing of such notice, and shall be bound by the proceedings in the action to the same extent, and in the same manner, as if he were a party thereto. Plaintiff, subsequent to the passage of ch. 152, brought an action of ejectment against D. and wife. The lands were vacant and unoccupied, D.'s title being a tax deed, void because of certain irregularities. D. answered by a full disclaimer of any interest, except such as existed by virtue of certain tax certificates which he owned; denied the allegations as to retention of possession from plaintiff; alleged that prior to the commencement of the action he had obtained a tax deed of the premises; that thereafter and before the commencement of the action he had conveyed to another, and admitted plaintiff's ownership and possession. D.'s wife, answering separately, admitted the allegations of the complaint, disclaimed any right to the property and denied being a party to a retention thereof from the plaintiff. Both answers were stricken out as frivolous. *Held,* that while before the enactment of ch. 152 an action in ejectment could not be maintained against a person circumstanced as D., it could be under that statute, and hence that D. could not, by a mere disclaimer, put plaintiff in the wrong and obtain a judgment for costs against him.

2. In such case, D.'s wife being also charged with personal liability for withholding the land from plaintiff, plaintiff was not war-

ranted in charging her under ch. 152, Laws of 1901, she having no apparent record title, and therefore her answer disclaiming title was a complete defense to the cause of action against her charging personal liability.

3. In such case, it was error to strike out D.'s answer as frivolous. An answer is not frivolous merely because it admits the claim of the plaintiff, or, in addition to admissions, pleads the existence of facts showing that defendant is entitled to statutory protection accorded one in his situation.

4. In such case, plaintiff having established his cause of action by evidence against D. and his wife, so far as she was merely charged as such, D. was not prejudiced by striking out his answer as frivolous.

5. In such case, evidence as to the conveyance of the tax title before the action was commenced, and that no notice of *lis pendens* had been filed, is immaterial.

6. In such case, the striking out of D.'s answer did not preclude him from making proof of the amount of expenditures (tax certificates, tax-deed fees, recording, etc.), based upon his tax deed.

7. Where, in ejectment, the plaintiff is entitled to recover by reason of an invalid tax deed, the proceedings to establish defendant's expenditures, based on his tax deed, under sec. 3087, Stats. 1898, are not a part of the trial of the issues tendered by the complaint, but should take place after the preliminary question of whether plaintiff is entitled to recover, subject thereto, shall have been determined.

8. In an action of ejectment, one of the defendants was properly joined with her husband by reason of her inchoate right of dower, and was also charged with personal liability for withholding the land from plaintiff. She answered by full disclaimer. *Held*, that since plaintiff was entitled in any event to recover against the wife as to her apparent dower, she was not, under sec. 2920, Stats. 1898, entitled to costs against plaintiff. MARSHALL, J., dissents.

APPEAL from a judgment of the circuit court for Oneida county: W. C. SILVERTHORN, Circuit Judge. *Affirmed.*

The complaint is in the ordinary form, the defendants being charged as jointly withholding the land from plaintiff. In the title to the complaint *Bessie W. Doolittle* was named as the wife of *Lelon A. Doolittle*. The latter answered by a full disclaimer of any interest in the premises, except such as

existed by virtue of some tax-sale certificates which he owned; and denied the allegation as to his having retained possession of the property from the plaintiff. Further, he alleged that, prior to the commencement of the action and on the 17th of May, 1902, he obtained a tax deed of the property in due form, duly recorded same, and thereafter, before the commencement of this action, by an instrument duly executed, so as to be entitled to record, conveyed all rights under such deed to another. Further answering, he admitted the claim of the plaintiff to ownership of the property and possession thereof. Defendant *Bessie. W. Doolittle,* by an answer describing herself as the wife of *Lelon A. Doolittle,* admitted the allegations of the complaint, disclaimed any right to the property in dispute, and denied being a party to a retention thereof from the plaintiff. On motion of plaintiff's attorney both answers were stricken out as frivolous, permission being granted to each of the defendants to answer anew on payment of $10 costs. No answer was served within the time specified. Whereupon plaintiff applied to the court for judgment. After hearing the evidence, the court found to the effect that the allegations of the complaint as to the title of the plaintiff were true; that the defendant *Bessie W. Doolittle* was the wife of *Lelon A. Doolittle;* that the latter obtained and recorded a tax deed, as alleged in his answer; that at the time of the commencement of this action the title to the premises in dispute appeared of record to be in said *Lelon A. Doolittle* by virtue of such tax deed; that the land was vacant and unoccupied, and that the tax deed was void because of certain irregularities in the tax proceedings, specified. Upon such facts it was decided that plaintiff was entitled to judgment against both of the defendants for the recovery of the property, and for costs, upon condition of his complying with the statutory conditions precedent to relief in case of the right to a judicial recovery of land by reason of the invalidity of a tax deed. Subsequently, plaintiff having complied with

such conditions, judgment was rendered in his favor as ordered, except that no judgment for costs was rendered against *Bessie W. Doolittle*. Defendants joined in appealing therefrom.

For the appellants the cause was submitted on the brief of *L. A. Doolittle*.

For the respondent there was a brief by *Reid, Smart & Curtis*, and oral argument by *A. H. Reid*.

MARSHALL, J. Counsel for appellants invoke *Webster v. Pierce*, 108 Wis. 407, 83 N. W. 938, in support of the proposition that the answer of *Lelon A. Doolittle* disclaiming any interest in the premises described in the complaint, and admitting the plaintiff's right thereto, as alleged, not being in any way falsified, entitled him to judgment dismissing the complaint with costs, notwithstanding ch. 152, Laws of 1901. It was held in that case that the constructive possession of unoccupied land by the grantee in a tax deed by reason of the recording thereof, terminates upon his transferring his tax title to another, though the instrument affecting such transfer is not recorded, and that in case an action of ejectment is commenced against him by the former owner, so called, such owner not knowing of such transfer, the answer of such grantee containing a full disclaimer, until falsified by the plaintiff, is a complete defense to the plaintiff's cause of action and renders him liable for costs, though the dismissal of the complaint will have the effect to settle the title in the latter's favor, as between him and the defendant. That would rule this case in appellants' favor, if it were not for ch. 152, aforesaid, which provides that the owner of unoccupied land may maintain ejectment therefor "against the person in whom the title appears of record in the office of the register of deeds in and for the county in which said premises are located, at the commencement of the action. Every judgment rendered in any such action shall be conclusive as to

the title established therein, upon the party against whom it is rendered and upon all persons claiming from, through or under him by title accruing after the filing of a notice of the pendency of the action in the office of the proper register of deeds, . . . and every purchaser whose conveyance is not recorded or filed shall be deemed to have acquired his title after the filing of such notice, and shall be bound by the proceedings in the action to the same extent and in the same manner as if he were a party thereto."

Counsel contend that it was not intended by such a law to affect a defendant in the circumstances of this case, but that its purpose was to bind the holder of an unrecorded deed as to his claim of title the same as if he were a defendant and answered by a disclaimer.

The language of the law above quoted is not ambiguous. By its terms it clearly avoids the effect of the decision in *Webster v. Pierce,* and doubtless was passed for that very purpose. Taking it as it reads, and we are unable to perceive any reason why it should not be so taken, it provides in effect that, whereas prior to the enactment thereof an action in ejectment was not maintainable against a person in the circumstances of appellant *Lelon A. Doolittle* in this case, that may now be done. That being so, manifestly upon an action being so properly brought the defendant cannot, by a mere disclaimer, put the plaintiff in the wrong and obtain a judgment for costs against him.

The appellant *Bessie W. Doolittle* was properly made a defendant as the wife of *Lelon A. Doolittle,* but she was charged with personal liability for withholding the land from the plaintiff and was therefore required for her protection to answer the complaint. As to such personal claim, plaintiff was not warranted in charging her under the statute aforesaid, because she had no apparent record title. Consequently her answer disclaiming title contained a complete defense to the cause of action against her charging personal liability. *Web-*

*ster v. Pierce, supra.* It follows that the order striking out her answer as frivolous was wrong.

The answer of appellant *Lelon A. Doolittle,* since, in addition to a disclaimer, it set forth facts to the effect that when the action was commenced he appeared to be the owner of the land by virtue of a tax deed, though he had in fact theretofore conveyed his tax title claim to another, and that the tax deed was void, and plaintiff was entitled to recover subject to his statutory right to protection for tax claims,—confessed the plaintiff's case and afforded him an opportunity to move for an order for judgment on the pleading, subject to such statutory right. We fail to see how the answer could be deemed frivolous in any sense. An answer is not frivolous merely because it admits the claim of the plaintiff, or in case of this kind, in addition to such admission, pleads the existence of facts showing that the defendant is entitled to the statutory protection accorded to one when another is entitled to recover land from him by reason of the invalidity of a tax deed. Such an answer does not purport to defend against the claim of the plaintiff, nor does it present to the court for consideration anything except what is proper to be and necessarily must be considered. Therefore, the order of the court striking out the answer of defendant *Lelon A. Doolittle* as frivolous was erroneous.

Notwithstanding the foregoing, since after the answers were stricken out, plaintiff established his cause of action by evidence as to *Lelon A. Doolittle,* and obtained, as to him, and also as to his wife, so far as she was merely charged as such, the judgment which he might have secured by motion on the pleading, he was not prejudiced by striking out his answer. The fact that the order contained a provisional requirement for the payment of $10 costs does not affect the matter, since no costs were in fact paid, nor required to be paid in order to protect any valuable rights of his.

Counsel insist that *Lelon A. Doolittle* should have been permitted to make proof, as follows:

(a) That he had conveyed the tax title before this action was begun;

(b) That no notice of *lis pendens* had been filed;

(c) Of the amount of expenditures, tax certificates, tax-deed fees, recording, etc., upon which the tax deed was based.

On the first point, as we have seen, evidence was immaterial. On the second point evidence was also immaterial, since if respondent failed to take any steps necessary to bar one not before the court that person could not be prejudiced by want of proof in the action of such failure. On the third point it is sufficient to say that the striking out of the answer did not preclude *Lelon A. Doolittle* from making the proof. His right to be present and participate in the ascertainment of the amount respondent should pay as a condition of relief, under the statute for the protection of the equitable claims of the defendant in such cases, was unimpaired. The determination of that question was not a part, strictly speaking, of the trial of the issues tendered by the complainant. The statute in that regard is mandatory. It provides that when a plaintiff shall establish his right to recover "unless it shall be made to appear affirmatively by the plaintiff that the premises claimed were not liable to taxation for the taxes for which they were sold, or that such tax was paid prior to the sale, or the land was redeemed from such sale, the court shall order that the amount for which such land was sold, and the cost of executing and recording such tax deed, and the amount paid by the defendant for taxes assessed upon such premises subsequent to said sale, with interest on all such sums at the rate of fifteen per cent. per annum for the time so paid until the date of the verdict, shall be set off against the damages awarded to the plaintiff by the verdict; and if there be any excess, that the plaintiff as a condition of judgment, shall pay the same, with interest from the date of the verdict, with-

in ninety days." Sec. 3087, Stats. 1898. So, strictly speak-- ing, it will be seen the proceedings in execution of the stat- ute properly take place after the preliminary question of whether plaintiff is entitled to recover subject thereto, shall. have been determined.

As to the defendant, *Bessie W. Doolittle,* counsel contend that her position is different from that of her husband be-- cause there was no allegation in the pleadings as to her wife- hood, and she was charged as a wrongdoer the same as her husband. True, she was so charged, but she was properly joined with her husband by reason of the inchoate right of dower which she possessed in the land, contingent upon her husband having title thereto. It clearly appeared by the pleadings, regardless of the body thereof, that she is the wife of *Lelon A. Doolittle.* She is so described in the title to the action in the complaint, she so describes herself in her answer and her husband likewise describes her in his answer. If she had been simply made a defendant in her capacity as wife,. she would not have been required to answer in order to pro- tect herself from danger of a judgment for. costs. Not so,. however, in view of the fact that she was charged with a per- sonal liability and was required to answer. As the situation created by her disclaimer, and the want of any falsification. thereof, was not affected by the law of 1901, there being no claim that she had any apparent title to the land in question when the action was commenced, why the rule in *Webster v. Pierce, supra,* does not condemn the order striking out her answer as frivolous, and the judgment denying costs to her against the respondent, is at least a debatable question.

If the appellant *Bessie W. Doolittle* was entitled to re- cover costs from the respondent by prevailing on her dis- claimer, notwithstanding the recovery against her in her ca- pacity as wife of her codefendant, the authority therefor exists in sec. 2920, Stats. 1898. That provides that unless plaintiff is entitled to recover costs under the two preceding.

·sections, where there are several defendants "not united in interest and making separate defenses by separate answers and the plaintiff recovers against one or more, but not all of such defendants, the court may award costs to such of the defendants as have judgment in their favor, or any one of them." It is considered that since the plaintiff here would have been entitled in any event to recover against *Mrs. Doolittle* as to any apparent right of dower, the fact that she was entitled to prevail as to the personal liability charged against her does not sufficiently satisfy the calls of such section as to permit of her recovering costs. The writer of this opinion does not join in that view. They are the views of the court. His views on this subject will be stated briefly in an independent opinion.

*By the Court.*—The judgment is affirmed.

MARSHALL, J. (*dissenting*). With the court's conclusion that *Mrs. Doolittle* was not entitled to costs under her unfalsified disclaimer, I cannot concur. It commits the court, as I understand it, to this: If a person is brought in as a mere proper defendant, the circumstances being such that, if he does not defend, no judgment for costs can be rendered against him, and the complaint in addition to allegations showing his contingent interest, rendering him a proper defendant, contains others, constituting a personal liability requiring him to make a separate defense by a separate answer, and he makes such answer and defense and prevails, he cannot recover costs, if plaintiff recovers against his codefendant. No such ruling has heretofore been made under sec. 2920, Stats. 1898, that covers the subject. No such ruling has been made elsewhere under any similar law, so far as I can discover. The history of such law dates back over fifty years. I think it has always been assumed, and the practice is accordingly, that in the circumstances stated, the one so required to defend, upon prevailing takes costs. The statute reads as follows:

"Costs shall be allowed of course to the defendant in the actions mentioned in the two preceding sections unless the *plaintiff be entitled to costs therein,* but where there are several defendants not united in interest and making separate defenses by separate answers, and the *plaintiff recovers against one or more but not all* of such defendants, the court may award costs to such of the defendants as have judgment in their favor or to any of them."

My brethren give a very strict, and to my mind, an unreasonable construction to the words "unless plaintiff be entitled to costs therein," and "the plaintiff recovers against one or more of them but not all." They hold that if plaintiff recovers costs against one defendant he "recovers costs therein," within the meaning of the statute, and so no defendant can have costs. Further, that if plaintiff recovers against a mere nominal defendant incidental to the recovery against the other defendant he "recovers against all," within the meaning of the statute, though as to the claim of personal liability against such nominal defendant he is defeated. It seems to me that this is wholly inconsistent with the spirit of the statute. The legislative purpose seems to be plain that if one is compelled to defend in an action and his defense is separate and distinct from that of the other defendant and he successfully make such separate defense under a separate answer, he is entitled to costs the same as if he were the sole defendant. The statute was framed upon the common-law principle that a person who is brought into court and is unjustly compelled to defend he should have costs against his adversary. *Harrigan v. Gilchrist,* 121 Wis. 127, 99 N. W. 909. The reasonable meaning of the words "unless the plaintiff be entitled to costs therein" is entitled to costs against the particular defendant in question; and the reasonable call of the words "plaintiff recovers against one or more but not all" is a recovery legitimately carrying, at least, costs against all.

The controlling idea of the statute is that every party to

litigation, who is required to be active either in attack or de-
fense, shall be entitled to costs, or may have costs in the dis-
cretion of the court, or be required to pay costs; and that in
case of a defendant, not united with a codefendant, and mak-
ing a separate defense under a separate answer, the question
of costs as to him, shall be determined regardless of that as
to any other party to the litigation.

In my judgment there could not have been, in any event,
any recovery of costs against *Mrs. Doolittle.* With that I un-
derstand my brethren agree.  She was compelled to act in
her defense.  She did so successfully under a separate answer
by a separate defense.  She was entitled to prevail on such
defense.  Under such circumstances she was at least entitled
to have the court exercise its discretion as to whether she
should have costs or not.  Of course costs do not follow as a
matter of right under such circumstances.  *Allis v. Wheeler,*
56 N. Y. 50.  I think the judgment should be reversed as to
*Mrs. Doolittle.*