Gilbert vs. Pier.

GILBERT, Respondent, vs. PIER, Appellant.

*April 28 — May 16, 1899.*

*Taxation: Ejectment: Interest: Statutes: Amendment by implication.*

In an action of ejectment, governed by sec. 3087, R. S. 1878, as amended by ch. 305, Laws of 1880, where the original owner recovers judgment, the rate of interest to be added to the taxes to be repaid by such owner as a condition of relief, is twenty-five per cent. per annum, and such rate was not changed by ch. 182, Laws of 1891.

APPEAL from a judgment of the circuit court for Lincoln county: FRANK M. FISH, Judge. *Reversed.*

The facts are stated in the opinion.

*Harriet H. Pier*, for the appellant.

For the respondent there was a brief by *Brown & Pradt*, attorneys, and *Franklin E. Bump*, of counsel, and oral argument by *Neal Brown*. To the point that the statutes under consideration are *in pari materia* and, though enacted at different times, should be construed together as though they

constituted one act, they cited Sutherland, Stat. Const. §§ 283, 284, and cases cited; *St. Louis v. Howard,* 119 Mo. 41; *S. C.* 41 Am. St. Rep. 630; *State v. Atkinson,* 88 Wis. 1; *State ex rel. Sweet v. Cunningham,* 88 Wis. 81; *Lamont v. Hibbard, S., B. & Co.* 88 Wis. 109; *Flanders v. Merrimack,* 48 Wis. 567; *Kollock v. Madison,* 84 Wis. 458; 23 Am. & Eng. Ency. of Law, 375; 1 Kent, Com. 463; *Mayor of Baltimore v. Root,* 63 Am. Dec. 692; *People v. Utica Ins. Co.* 8 Am. Dec. 243; *Orndoff v. Turman,* 21 Am. Dec. 608; *Blakeney v. Blakeney,* 30 Am. Dec. 574; *New England C. S. Co. v. B. & O. R. Co.* 69 Am. Dec. 181; *Harrington v. Smith,* 28 Wis. 43; *Dillingham v. Fisher,* 5 Wis. 475; *State ex rel. Calkins v. Harvey,* 13 Wis. 371; *Adler v. Milwaukee P. B. Mfg. Co.* 13 Wis. 57; *Clark v. Janesville,* 10 Wis. 136; 23 Am. & Eng. Ency. of Law, 311, and cases cited; *State v. Gerhardt,* 145 Ind. 439; *U. S. v. Freeman,* 3 How. 556; *Simpkins v. Ward,* 45 Mich. 559.

WINSLOW, J. The amount involved upon this appeal is less than $100, and the case comes here upon certificate of the trial judge. It appears from the certificate that the action is one of ejectment by the original owner against the holder of tax-title deeds based on the tax sales of 1891 and 1892, and that the tax deeds were held void on account of irregularities not going to the groundwork of the tax, whereupon judgment was ordered for the plaintiff upon condition that he pay into court, within ninety days, the amount of the unpaid taxes paid by the defendant, with interest thereon at *fifteen* per cent. per annum, which the plaintiff did, and judgment was thereupon entered in his favor. The defendant claimed that interest should have been allowed at *twenty-five* per cent., and preserved her exception to the order limiting her recovery to *fifteen* per cent., and took her appeal. It also appears that the defendant had paid the taxes upon the lands in question for the three years immediately follow-

Gilbert vs. Pier.

ing her last tax deed, and the question submitted is whether the plaintiff must pay interest at *twenty-five* per cent. or at *fifteen* per cent. as a condition of relief.

The section of the statute which fixed the amount to be paid by the plaintiff in ejectment as a condition of recovery in cases like the present was sec. 3087, R. S. 1878, as amended by ch. 305, Laws of 1880. This section requires interest to be computed at the rate of twenty-five per cent. per annum, and its terms remained unaltered until the passage of ch. 161, Laws of 1897, which reduced the rate to fifteen per cent. It is claimed, however, by the plaintiff (and this theory seems to have been adopted by the trial court), that the rate was changed by necessary implication by ch. 182, Laws of 1891. By the terms of this chapter, four sections of the Revised Statutes of 1878 were in terms amended, viz. secs. 1146, 1165, 1192, and 1200, by striking out the words "twenty-five per centum" wherever they occurred, and inserting in lieu thereof the words "fifteen per centum." As these sections all relate to the rate of interest to be charged and paid upon unpaid taxes under various circumstances, it is argued that the legislature must have intended to make the rate uniform in all cases, and omitted sec. 3087 by oversight. This argument is not without some force, and, were the terms of sec. 3087 in any respect ambiguous or doubtful, might be entitled to very serious consideration. But the language of sec. 3087 is so plain that there is scarcely room for the doctrine of repeal by implication; at least the implication must be much stronger than is raised by the circumstances here present. It may well be that the legislature deemed that, where the original owner brought action against the tax-title claimant, and thus put him to the expense and trouble of defending a law-suit, a higher rate of interest ought, in justice, to be paid; and this explanation seems, also, to find support in the fact that sec. 1210*h*, which required the payment of twenty-five per cent. in certain cases by an original owner who brought

an action in equity to set aside tax sales, remained untouched by the act of 1891. However, we are not compelled to find explanations for legislative action where the words are plain, and the subject within legislative control. It is sufficient to say that sec. 3087 was not amended, either expressly or by implication, by the act of 1891. The plaintiff should have been required to pay twenty-five per cent. per annum as a condition of relief, and the question submitted by the trial judge is so answered.

*By the Court.*— The judgment and the order fixing the amount to be deposited by the plaintiff are reversed, and the action is remanded with directions to enter the proper order in accordance with this opinion, and for further proceedings according to law.

BARDEEN, J., took no part.