PINKERTON, Respondent, vs. J. L. GATES LAND COMPANY, Appellant.

*September 7—September 27, 1904.*

*Ejectment: Defective tax title: Payment as condition of recovery: To what date interest runs: Finding in lieu of verdict.*

The date up to which, under sec. 3087, Stats. 1898, the plaintiff in ejectment, as a condition of recovery, is to pay interest at the rate of fifteen per cent. per annum upon sums paid by the defendant claiming title under a defective tax deed, is the date of the decision as to the validity of the title, whether by verdict or by a finding of the court in lieu of a verdict, and is not affected by the fact that the amount to be paid is not finally determined until some time after such decision and after an appeal to the supreme court involving only the question of such amount.

APPEAL from a judgment of the circuit court for Price county: JOHN K. PARISH, Circuit Judge. *Affirmed.*

The action was in ejectment, involving the validity of several tax deeds under which defendant claimed title to the lands in controversy. The issues were tried by the court, resulting in findings to the effect that plaintiff was the owner of the premises in dispute and entitled to the possession thereof as prayed for, subject to the rights of the defendant under his tax deeds, and that such tax deeds were void. The court, intending to require plaintiff, before judgment in his favor, to perform the conditions prescribed by sec. 3087, Stats. 1898, made an order in that regard, which he complied with, and thereupon judgment was rendered in his favor. That order was reversed on appeal because plaintiff was not required thereby to reimburse defendant to the extent to which it was entitled under the section aforesaid, and the cause was remanded with directions to require plaintiff, before having the benefit of the finding in his favor, to perform such conditions, in addition to those previously imposed, as to fully satisfy the statute referred to, such additional conditions being

specified in the opinion. Such proceedings were thereafter duly had that November 17, 1903, the trial court entered an order in conformity to such directions as the same were understood by the presiding judge. It complied with the mandate of this court if the date up to which fifteen per cent. interest per annum was allowed on the expenditures for taxes and expenses satisfies the statute, such date being that of the filing of the findings. That order being complied with, judgment in plaintiff's favor was entered, from which defendant appealed, claiming that the fifteen per cent. rate should have been allowed up to the date of the entry of the new order.

For the appellant the cause was submitted on the brief of *Sturdevant & Clark.*

For the respondent there was a brief by *Barry & Barry,* and oral argument by *M. Barry.*

Marshall, J. The mandate of this court upon the former appeal (118 Wis. 514, 95 N. W. 1089) did not specifically direct the trial court as to the date up to which interest at the rate of fifteen per cent. per annum should be allowed appellant. That was not a matter in controversy. Only the principal sum or sums upon which interest should be computed and awarded defendant as a condition precedent to a recovery of the land by appellant, was involved. The controversy in that regard being settled, the trial court was required by the mandate to make an order in accordance therewith and as prescribed by the statutes. That involved compliance with sec. 3087, Stats. 1898, which provides that:

"When the plaintiff is entitled to recover by reason of a defect or insufficiency of any tax deed under which the defendant claims title or in the proceedings prior to the sale upon which such tax deed was issued [except in circumstances not material here], the court shall order that the amount for which such land was sold, and the costs of executing and recording such tax deed, and the amount paid by the defendant for taxes assessed upon such premises subsequent to said sale,

with interest on all such sums at the rate of fifteen per centum
per annum from the time so paid until the date of verdict,
shall be set off against the damages awarded to the plaintiff
by the verdict; and if there be any excess, that the plaintiff,
as a condition of judgment, shall pay the same, with interest
from the date of the verdict, within ninety days; and that, in
default thereof, the defendant shall have judgment in the ac-
tion."

So the period during which interest at the rate of fifteen
per cent. per annum is allowed, ends with the decision as to
the validity of the title. There was no verdict in this case,
but there was a finding of the court in lieu thereof, which ob-
viously must stand in place of a verdict as regards the ques-
tion at issue.

The determination of the court respecting the amount to
be paid by plaintiff in the manner indicated in the section,
forms no part of the decision respecting the validity of his
title. It is merely a step in the proceedings subsequent to
such decision, necessary to enable the plaintiff to reap the
fruits thereof. It makes no difference when the determina-
tion is made, as regards the matter of interest, or whether,
when once made, it is thereafter reversed and the question
involved is subsequently correctly determined, since the date
of the initial question, the right of the plaintiff to the land
as against the defendant as alleged in the complaint, by the
plain words of the statute governs the matter. There was
but one determination of such issues in this case. They were
fully closed by the findings. The statute merely imposed a
condition of the use of judicial machinery by appellant to re-
cover the land notwithstanding such decision. So no error
was committed in allowing interest at the rate of fifteen per
cent. per annum only up to the date of the finding, instead
of up to the date of the order made pursuant to the mandate
of this court and sec. 3087, aforesaid.

*By the Court.*—The judgment is affirmed.