# CASES DETERMINED

AT THE

# January Term, 1907.

WASHBURN LAND COMPANY, Respondent, vs. SWANBY, Appellant.

*January 30—February 19, 1907.*

*Deeds: Acknowledgment before notary public in another state: Certificate: Ejectment: Tax titles: Inchoate right of dower: Defects in tax proceedings: Conditional order for judgment: Amount to be paid to defendant.*

1. The acknowledgment of a deed taken by a notary public outside of this state and certified to in substantially the form prescribed by our statutes, with the impression of his seal, is sufficient to make the deed admissible in evidence in an action in this state, without having annexed thereto an additional certificate that the notary public was such officer.

2. The existence of an inchoate right of dower in the wife of a former owner of land does not preclude the present owner from recovering possession of the land in an action of ejectment against a tax-title claimant.

3. Where plaintiff in ejectment is entitled to recover by reason of defects in the tax title under which defendant claims, the direction and order for judgment should follow the statute, sec. 3087, Stats. (1898), and should determine the amount to be paid by plaintiff to defendant as a condition of judgment in plaintiff's favor.

APPEAL from a judgment of the circuit court for Bayfield county: JOHN K. PARISH, Circuit Judge. *Reversed.*

This is an action of ejectment brought by the plaintiff as the original owner in fee simple to recover possession of three lots described, unlawfully withheld by the defendant since May 1, 1905, to the plaintiff's damage in the sum of $500.

The defendant answered by way of a general denial and by way of counterclaim, alleging in effect that he has been in possession since April 28, 1905, holding adversely to the plaintiff and its grantors by title founded upon a certain tax deed duly issued to the defendant April 28, 1905, and recorded May 2, 1905, for the nonpayment of taxes of 1900 and tax sale of May 21, 1901; and prayed judgment dismissing the action, with costs, and that, if the plaintiff's title is adjudged to be paramount, then that the defendant's claim for taxes be tried and the amount assessed and adjudged to him, less any damages that may be awarded to the plaintiff. The plaintiff, replying to the counterclaim, alleges in effect that such tax deed is illegal and void for several reasons therein particularly alleged, which are mentioned in the findings of the court.

A trial by jury having been expressly waived by the parties and the cause tried upon the issues joined, the court at the close of the trial found as matters of fact, in effect, (1) that all the allegations of the complaint are proven and true; (2) that the deed mentioned and described in defendant's counterclaim is illegal and void for the following reasons: (a) That the return of the town treasurer for the year in which said taxes were levied and assessed is illegal and void, in that he failed and neglected to subscribe his name at the end thereof or annex the affidavit thereto, as required by law; (b) that the town treasurer for said year failed and neglected to compare the stub book receipts with the tax roll of said town for the said year, and to certify on such stub receipt book that he had made the comparisons as required by law; (c) that the tax sale upon which said deed is based is illegal and void, in that the county treasurer sold the lands described in said deed for a greater sum than was due for taxes, interest, and charges; (d) that the county treasurer failed and neglected to file affidavit of the posting of the statement and notice of tax sale as required by law; (e) that said tax deed is illegal and void, in that no affidavit of the printer or fore-

man printer of the publication of the statement and notice of sale was ever made and filed, as required by law, for the year in which said lots were sold.

As conclusions of law the court found, in effect, (1) that the plaintiff is the owner in fee simple of the premises described in the complaint and that he is entitled to the possession thereof; (2) that the tax deed described in the counterclaim is illegal and void; (3) that before the entry of judgment, and within thirty days, the plaintiff pay into court for the use of the defendant the amount for which said lands were sold, together with interest thereon at the rate of fifteen per cent. per annum from the date of the transfer from Bayfield county, together with all subsequent costs and charges, subject, however, to the right of the plaintiff to offset against said sums the amount of the costs and disbursements of this action.    Judgment was ordered to be entered accordingly. Thereupon judgment was entered by the clerk, wherein it was adjudged that the plaintiff have and recover of the defendant, *O. P. Swanby,* the possession of the premises described in the complaint, and that the plaintiff also have and recover of the defendant the sum of $34.18, costs and disbursements, less the aforesaid sum of $14.84, to wit, the sum of $19.34.    From that judgment the defendant appeals.

*John Walsh,* for the appellant.

*A. W. McLeod,* for the respondent.

CASSODAY, C. J.    Exception is taken to the admission in evidence of a certain deed in the plaintiff's chain of title. It appears and is undisputed that the deed mentioned was executed in the presence of two subscribing witnesses and acknowledged by the grantors, outside of this state, before a notary public, who certified to the same substantially in the form prescribed by our statutes, and made the impression of his official seal as such notary public upon the instrument. The trial court held that under our statutes such acknowledgment was sufficient, and hence that such deed was properly ad-

missible·in evidence without having annexed thereto an additional certificate to the effect that such notary public was such officer.    Secs. 2216, 2217, 2218, 2219, Stats. (1898). We find no error in such ruling.

It is further claimed that the quitclaim deed of two of the lots in question from Frank B. Clark and wife to D. M. Maxcy, in the plaintiff's chain of title, was defective because it was not signed nor acknowledged by Mr. Clark's wife personally, but only by her attorney in fact, without any proof that she had given any power of attorney; and hence that the evidence failed to show that the plaintiff was the owner of the premises in fee simple.    The claim is that it appears from the evidence that Mrs. Clark has an inchoate right of dower in such lots, and hence that the findings in that regard are not supported by the evidence, nor equivalent to the requirements of the verdict prescribed in actions of ejectment. Sec. 3084, Stats. (1898).    That section declares, among other things, in effect, that, if it be shown on the trial that the plaintiff has "a right to recover the possession of the premises, the verdict in that respect shall be for the plaintiff."    Id. Had Mr. Clark been a resident of this state at the time of executing the deed, still Mrs. Clark would never have any right of dower in the lots unless she happens to survive her husband—an event which may never occur.    Such mere inchoate right of dower cannot prevent the plaintiff, claiming under the grantee of the husband, from recovering the possession of the lots.    It follows from what has been said that the plaintiff is entitled to recover possession of the premises described unless defeated by the tax deed.

The trial court found, and it is conceded by counsel for the defendant, that the tax deed is void for irregularities not going to the groundwork of the tax upon which the deed was based.    Such being the fact, the only substantial difference between the parties is as to the amount the plaintiff was required to pay as a condition of relieving the premises from the tax deed and tax certificates in question.    Such amount is.

not determined by the findings of the court. The circumstances are peculiar. It seems to be conceded that the cost of executing the tax deed was $107.80 and that the cost of recording the same was $11. But it is also conceded that such tax deed contains more than 300 descriptions, whereas the title to only three lots is in controversy in this action. The defendant contends that he is entitled to receive, among other items, the full amount of the costs of executing and recording such tax deed. The plaintiff contends that he is only required to pay, to relieve the three lots in question, the proportionate share of such costs. The questions are not determined by findings nor the judgment. It does appear that the tax deed was based upon three certificates issued on the tax sale of May 21, 1901, for the three lots in question for the aggregate amount of $11.79. Neither the direction for judgment made by the court nor the judgment entered by the clerk is in accordance with the statute applicable, which provides that "the court shall order that the amount for which such land was sold, and the costs of executing and recording such tax deed, and the amount paid by the defendant for taxes assessed upon such premises subsequent to said sale, with interest on all such sums at the rate of fifteen per centum per annum from the time so paid until the date of verdict, shall be set off against the damages awarded to the plaintiff by the verdict; and if there be any excess, that the plaintiff, as a condition of judgment, shall pay the same, with interest from the date of the verdict, within ninety days; and that, in default thereof, the defendant shall have judgment in the action." Sec. 3087, Stats. (1898).

The direction for judgment contained in the conclusion of law omits entirely several of the requirements contained in the portion of the section thus quoted, and limits the payment to the amount for which the lands were sold, with interest and subsequent costs and charges, subject to the right to offset costs and disbursements. It also requires payment "within thirty days," instead of "within ninety days," as prescribed in the statute. The requirements of the conditional

order for judgment under that statute have frequently been stated by this court and need not be reiterated here. *Chippewa River L. Co. v. J. L. Gates L. Co.* 118 Wis. 345, 347 (11)·, 358, 94 N. W. 37, 95 N. W. 954. See, also, *Pinkerton v. J. L. ·Gates L. Co.* 122 Wis. 471, 100 N. W. 841; *Stephenson v. Doolittle,* 123 Wis. 36, 37 (7), 100 N. W. 1041; *Gilbert v. Pier,* 103 Wis. 331, 79 N. W. 215; *Cook v. Mc- ·Comb,* 98 Wis. 526, 74 N. W. 353. Obviously the amount to be paid must be determined by the court before the plaintiff can be required to make payment. The payment is to be made "as a condition of judgment." In default of such payment the defendant is to "have judgment in the action." In the case at bar the judgment entered by the clerk does not ·conform to the statute nor follow the direction in the conclusions of law, but is in form a final judgment, awarding costs in favor of the plaintiff and against the defendant, subject to setoff, instead of being an interlocutory order or judgment, as mentioned in *Maxcy v. Simonson,* 130 Wis. 650, 110 N. W. 803. Of course, the rights of the parties are fixed by the statute, and the judgment must conform to the statute.

*By the Court.*—The judgment of the circuit court is reversed, and the cause is remanded for further proceedings according to law.

*John ·Walsh,* for the appellant.

*A. W. McLeod,* for the respondent.