order for judgment under that statute have frequently been stated by this court and need not be reiterated here. *Chippewa River L. Co. v. J. L. Gates L. Co.* 118 Wis. 345, 347 (11), 358, 94 N. W. 37, 95 N. W. 954. See, also, *Pinkerton v. J. L. Gates L. Co.* 122 Wis. 471, 100 N. W. 841; *Stephenson v. Doolittle,* 123 Wis. 36, 37 (7), 100 N. W. 1041; *Gilbert v. Pier,* 103 Wis. 331, 79 N. W. 215; *Cook v. McComb,* 98 Wis. 526, 74 N. W. 353. Obviously the amount to be paid must be determined by the court before the plaintiff can be required to make payment. The payment is to be made "as a condition of judgment." In default of such payment the defendant is to "have judgment in the action." In the case at bar the judgment entered by the clerk does not conform to the statute nor follow the direction in the conclusions of law, but is in form a final judgment, awarding costs in favor of the plaintiff and against the defendant, subject to setoff, instead of being an interlocutory order or judgment, as mentioned in *Maxcy v. Simonson,* 130 Wis. 650, 110 N. W. 803. Of course, the rights of the parties are fixed by the statute, and the judgment must conform to the statute.

*By the Court.*—The judgment of the circuit court is reversed, and the cause is remanded for further proceedings according to law.

MAXCY LAND COMPANY, Respondent, vs. SWANBY, Appellant.

*January 30—February 19, 1907.*

APPEAL from a judgment of the circuit court for Bayfield county: JOHN K. PARISH, Circuit Judge. *Reversed.*

*John Walsh,* for the appellant.

*A. W. McLeod,* for the respondent.

CASSODAY, C. J. The facts in this case are substantially the same as in *Washburn Land Co. v. Swanby, ante,* p. 1, 110 N. W. 806. In pursuance of the stipulation of the parties in this case and the de-

cision in that case, the judgment of the circuit court in this case is reversed, and the cause is remanded for further proceedings according to law.

*By the Court.*—Ordered accordingly.


MAXCY, Respondent, vs. SWANBY, Appellant.

*January 30—February 19, 1907.*

APPEAL from a judgment of the circuit court for Bayfield county: JOHN K. PARISH, Circuit Judge. *Reversed.*

*John Walsh,* for the appellant.

*A. W. McLeod,* for the respondent.


CASSODAY, C. J.   The facts in this case are substantially the same as in *Washburn Land Co. v. Swanby, ante,* p. 1, 110 N. W. 806.   In pursuance of the stipulation of the parties in this case and the decision in that case, the judgment of the circuit court in this case is reversed, and the cause is remanded for further proceedings according to law.

*By the Court.*—Ordered accordingly.


McGEORGE and others, Appellants, vs. STANTON-DE LONG LUMBER COMPANY, imp., Respondent.

*January 31—February 19, 1907.*

*Liens: Logs and lumber: Hauling: "Timber:" Labor partly lienable.*

1. Sec. 3329, Stats. (1898), does not give a lien for the amount due for labor or services in hauling manufactured lumber from the mill to market.

[2. Whether larger timbers, other than boards and planks, manufactured from the logs, should be classed as "timber" for the hauling of which a lien is given, not determined.]

3. Where a lien is claimed for the amount due for labor, part of which is lienable and part not lienable, and there is no proof produced so that the one can be separated from the other with reasonable certainty, the entire claim for a lien must be denied.